**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MANUEL PÉRÉZ-PÉRÉZ, | CASE NO. 4:26-cv-01101 |
| Petitioner, | DISTRICT JUDGE JEFFREY J. HELMICK |
| vs. | |
| WARDEN KENNETH HOOVER, et al., | MAGISTRATE JUDGE AMANDA M. KNAPP |
| Respondent. | **REPORT & RECOMMENDATION** |

On May 12, 2026, Petitioner Manuel Pérez-Pérez, a citizen of Mexico, acting pro se, filed a 28 U.S.C. § 2241 petition for release from immigration detention.  (ECF Doc. 1 ("Petition").)  Simultaneously, he filed an Emergency Motion for Appointment of Counsel (ECF Doc. 2) and an Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Immediate Bond Hearing (ECF Doc. 3).

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned recommends that the Court **DISMISS** the Petition and all pending motions as moot.

### I.    Procedural History

In his Petition, Mr. Pérez-Pérez challenges the legality of his immigration detention for more than six months.  (ECF Doc. 1.)  On June 2, 2026, the Court ordered Respondents to file a status report advising the Court as to Petitioner's custody status because the record in related case, *Pérez-Pérez v. Attorney General of the United States*, Case No. 4:26-cv-00876, suggested that the Petition in this case may have become moot.  (ECF Doc. 6.)  In the event Petitioner was

1

no longer in custody, he was ordered to show cause on or before June 15, 2026, why the Petition should not be dismissed as moot. (*Id*.)

Respondents filed a status report on June 8, 2026, arguing that the Petition is moot because Petitioner had been released from detention and voluntarily departed the United States for Mexico. (ECF Doc. 8.) In support, Respondents submitted an ICE Form I-210, Voluntary Departure and Verification of Departure, affirming that Petitioner left the United States via a charter flight from Alexandria, Louisiana on May 26, 2026. (ECF Doc. 8-1.)

On June 9, 2026, the copy of the Court's June 2 order that was mailed to Petitioner was returned to the Clerk's Office as "Not deliverable as addressed unable to forward." (ECF Doc. 9.) Respondents indicate in their status report that they do not have a forwarding address for Petitioner. (ECF Doc. 8, p. 2.) Petitioner did not file a response to the Court's order to show cause why the Petition should not be dismissed as moot. Since Petitioner failed to respond to the Court's order to show cause and has reportedly left both federal custody and the United States, the undersigned concludes that a ruling on the Petition is now appropriate.

## II.     Discussion

### A.     The Petition Should Be Dismissed as Moot

"Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies[.]" *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006). Thus, "federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the 'issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969))). *See also, Enazeh v. Davis,* 107 F. App'x 489, 491 (6th Cir. 2004) ("Mootness results when events occur during the pendency of a

litigation which render the court unable to grant the requested relief.") (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)). The Supreme Court has recognized an exception to this general rule when a released prisoner can establish that he will suffer a future collateral consequence resulting from the detention. *See Lane v. Williams*, 455 U.S. 624, 632-33 (1982). To establish a collateral consequence sufficient to avoid mootness, a habeas petitioner must show "some concrete and continuing injury other than the now-ended incarceration[.]" *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

Here, as confirmed in Respondents' status report, Mr. Pérez-Pérez is no longer detained by Immigration and Customs Enforcement. (ECF Doc. 8.) The Verification of Departure affirms that he was released from custody and returned to Mexico on May 26, 2026. (ECF Doc. 8-1.) Therefore, the Court is unable to grant the relief requested in the Petition, namely, immediate release from immigration detention or a bond hearing. (*See* ECF Doc. 1, pp. 10-11.) *Carras,* 807 F.2d at 1289.

In light of Mr. Pérez-Pérez's release from custody and departure from the United States, and his failure to identify any collateral consequences that could be remedied by granting his Petition, the undersigned recommends that the Court **DISMISS** his Petition as moot. *See e.g., Enazeh*, 107 F. App'x at 490-91 (finding the petitioner's deportation rendered his requests for release from detention and for an injunction against execution of a removal order moot); *Zhen v. Doe*, No. 3:25-CV-2812, 2026 WL 941577, at *2 (N.D. Ohio Apr. 7, 2026) (finding a habeas petition moot where petitioner had been removed) (collecting cases finding the same).

**B.      Pending Motions**

Petitioner also filed a motion for counsel (ECF Doc. 2) and a motion reiterating his requests for relief in the context of requests for a temporary restraining order and a preliminary

injunction (ECF Doc. 3).  Because there is no longer a live controversy in the case, and for the additional reasons discussed above, the undersigned recommends that the Court also **DISMISS** Mr. Pérez-Pérez's pending motions as moot.

### III.      Recommendation

For the reasons stated above, the undersigned recommends that the Court **DISMISS** the Petition (ECF Doc. 1), the Emergency Motion for Appointment of Counsel (ECF Doc. 2), and the Emergency Motion for Temporary Restraining Order, Preliminary Injunction, and Immediate Bond Hearing (ECF Doc. 3) as moot.

Dated:   June 16, 2026                          */s/ Amanda M. Knapp*
                                                AMANDA M. KNAPP
                                                UNITED STATES MAGISTRATE JUDGE

### <u>OBJECTIONS</u>

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).